UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |
|---|---|
| THE GENTLE WIND PROJECT, *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>JUDY GARVEY, *et al.*,<br><br>Defendants | Civil No. 04-103-P-C |

Gene Carter, Senior District Judge

### ORDER DENYING PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT AGAINST IAN MANDER

On September 15, 2004, the Clerk of this Court entered default against Defendant Ian Mander for failure to plead or otherwise defend. Docket Item No. 46. Plaintiffs' subsequently brought this motion seeking Default Judgment. The Court issued an order on December 12, 2004, reserving ruling on the motion until resolution of other pending motions. Having now ruled upon the motion for Partial Summary Judgment filed by Defendants' Bergin and Garvey, the Court will deny Plaintiffs' motion.

Resolution of this matter is guided by the rule prohibiting inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. 552 , 554 (1872). As the Supreme Court explained in *Frow*:

> "If the court [in a case alleging joint fraud] can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might

> follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill…Such a state of things is unseemly and absurd, as well as unauthorized by law."

*Id*. Count I of Plaintiffs' Amended Complaint alleges that Defendant Mander and the other originally named defendants "conspired together, were organized and associated in fact and acted as an enterprise as defined by 18 U.S.C. § 1961(4)." Amended Complaint (Docket Item No. 37) at ¶ 136. Plaintiffs' do not allege that Defendant Mander was a member of any separate enterprise. Thus, Plaintiffs' have pleaded their case such that a necessary element of their claim against Defendant Mander is one common with the other defendants; specifically, that there existed an enterprise consisting of Mander and the other originally named defendants. In granting summary judgment in favor of Defendants Garvey and Bergin, this Court has determined that the contacts between the originally named defendants do not, as a matter of law, constitute an enterprise within the meaning of 18 U.S.C. § 1961(4). In order to avoid the "unseemly and absurd" result forbidden by *Frow*, this determination must also inure to the benefit of Defendant Mander.

With no federal claims remaining against Defendant Mander,[1] the Court will, in exercise of its discretion, and for purposes of consistency, decline to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, for the reasons set forth above, the Court **ORDERS** as follows:

(1) Plaintiffs' Application for Default Judgment Against Ian Mander be, and it is hereby, **DENIED**;

---

[1] Although Count II of Plaintiffs' Amended Complaint does assert an additional federal claim against the other original defendants, Defendant Mander is not named under that Count.

(2) Counts I of Plaintiffs' Amended Complaint against Ian Mander be, and it is hereby, **DISMISSED** with prejudice;

(3) Counts III through VII of Plaintiffs' Complaint against Ian Mander be, and they are hereby, **DISMISSED** without prejudice.

/s/ Gene Carter
**GENE CARTER**
United States Senior District Judge

Dated at Portland, Maine this 3rd day of January, 2006.